The true ground upon which this question rests, is whether it would have been murder, had death ensued from the stroke of the stone; homicide is presumed to be murder unless circumstances are made to appear which extenuate the killing, and render it either justifiable or excusable homicide. It is a question which may be determined by a jury, what degree of provocation shall mitigate the offence.[1] The state of the mind is the criterion from which an opinion must be formed; the provocation should appear so great as to produce temporary loss of reason by the ascendency of passion. It must be murder where an intent to kill accompanies the act producing death. The law in tenderness to human frailty, under such circumstances of great provocation as to produce a suspension of the empire of reason, suffers the offence to be considered manslaughter only; but the idea of volition or an intent to kill includes malice prepense, and removes the very basis upon which manslaughter is founded, which is such a temporary derangement of the mind as to be incapable of seeing the immediate consequences of its own acts.
The law knows of no specific time within which an intent to kill must be formed so as to make it murder. If the will accompanies the act, a moment antecedent to the act itself which causes death, it seems to be as completely sufficient to make the offence murder, as if it were a day or any other time. *Page 9 
Should the jury be of opinion that it was the desire of the prosecutor, in a peaceable manner, to restore harmony to the company who were quarrelling, they will consider it a worthy and lawful act, and so far from being an improper intermeddling was his duty as a good citizen to do so.
Should the jury find that the defendant threw the stone which struck the prosecutor, with an intent to kill, they will find him guilty, otherwise not.
The jury found the defendant guilty. It was proved that he had not any property. The Court fined him ten dollars, and adjudged that he should be imprisoned two months and until the fine should be paid.
[1] The facts being ascertained, it is a question of law, and not of fact. Oneby's case, Str. 773; Foster's C. L. 255; Cranch, 298; 2 Wilson's Lecture, 196.